**GREAT LAKES EXTERIORS, INC., Plaintiff–Appellant,**

v.

**DRYVIT SYS., INC., Defendant–Appellee.**

No. 00–2035.

United States Court of Appeals, Sixth Circuit.

Jan. 4, 2002.

Before SUHRHEINRICH and COLE, Circuit Judges; and COLLIER, District Judge.[*]

**OPINION**

PER CURIAM.

Plaintiff–Appellant Great Lakes Exteriors, Inc. (Great Lakes), alleges that it did not receive the pricing preferences promised it in a 1993 Distributor Agreement (1993 Agreement) by Defendant–Appellee Dryvit Systems, Inc. (Dryvit). Finding that the 1993 Agreement expired on April 14, 1998, that the 1993 Agreement did not bind the Canadian subsidiary of Dryvit, and that Great Lakes failed to provide a sufficient basis to submit the question of damages to a jury, the district court granted the motion for summary judgment as to each claim in favor of Dryvit. The district court also found a genuine issue of material fact in the interpretation of part of the 1993 Agreement and denied Great Lakes' motion for partial summary judgment.

After careful review of the record in this case, the applicable law, counsels' briefs and arguments, and the opinion of the district court, we conclude that the district court did not err in finding in favor of Dryvit. Because the court below thoroughly analyzed Great Lakes' contentions in its memorandum opinion, we believe that the issuance of a full written opinion in this case would be duplicative and serve no useful purpose. Accordingly, based upon the reasoning set out in the opinion below, we **AFFIRM** the judgment of the district court.

[*] The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.